## KNOWLES *v.* DOW.

In trespass *quare clausum fregit*, the plaintiff is not required to prove title to the whole of the close described, if he prove it to that part in which the trespass was committed.

TRESPASS. The plaintiffs alleged that the defendant broke and entered their close in Hampton, containing one hundred acres, more or less: bounded westerly on the Hampton main river in part, and partly on land of R.

Smith; north-easterly on the southerly line of the range of the beach grass lots and the beach; south-easterly on the Atlantic ocean, and southerly on said river; and then and there destroyed his grass, and carried away ten loads of flatsweed, and ten loads of seaweed, lying upon said close, &c.

The action was returnable before a justice of the peace. Several pleas were put in by the defendant, all raising questions of title, and the case was in consequence entered in this court. The second plea was relied upon. By that plea the defendant alleges in bar, "that the said close, in which said supposed several trespasses were done, was not at the said times when the said supposed several trespasses were done, nor at any time from thence hitherto, hath been nor is, the close of the plaintiffs, in manner and form as the plaintiffs have alleged, and issue was joined upon that plea. The court ruled that upon this issue the plaintiffs must prove title to all and every part of the close described in their writ, and that showing that they owned a part of the close, and that the trespass confessed was committed on that part, was not enough to sustain the issue on their part. The plaintiffs produced a copy of the vote of the proprietors of Hampton, by which they granted, in 1714, to one Joseph Chase and his heirs, "*all that marsh and thatch ground or flats* lying between the place called the Cedars and the river's mouth, that is not already laid out into lots." The court ruled that nothing passed by this grant but *marsh, thatch ground and flats,* and that it did not cover a tract of sand-hills lying between the marsh and the sea-beach.

The plaintiffs produced an agreement made by said proprietors with one Elisha Smith, then the owner of Chase's grant, in which they recite that they have perambulated and established the line and bounds between *the marsh* of the proprietors and *the marsh* that said Smith bought of Jonathan Hilyard, meaning Chase's grant: beginning at a stake at the southwest corner of the way, &c., and from

Knowles *v.* Dow.

said stake, the dividing line between said commoners' proprietors *marsh* runs south almost 34 degrees east to a little pine, standing near the beach, among the beach grass; said line runs over the southwesterly part of said sand hills, on which the trees stand, called the cedars; said line being staked out, and agree that the abovesaid partition and settlement of a line and bounds between the said *marsh* of the said Smith, and the said *marsh* of the said commoners, shall be full and final and absolute forever."

The court declined to charge the jury, that the line thus established entitled the said Smith, as against the proprietors to all the land, whether *marsh* or *sand hills,* lying on his side of the line.

The plaintiffs offered in evidence a copy of the record of votes passed by the proprietors of Hampton, October 31, 1749, that all *marsh, flats and beach grass* to the southward of the Pines, so called, to the river's mouth, belonging to the commoners, be laid out in lots, and appointing a committee to lay out the *marsh and flats and beach grass,* above mentioned. A copy of the report of the committee, laying out a range of lots, bounded south on the line established by the agreement of 11th October, 1748, and a vote accepting their report. The court held the evidence incompetent, being a transaction *"inter alios,"* and in which neither the parties to this case, nor those whose rights they hold, had any participation.

The plaintiffs show a deed covering the premises described in their writ, made by Elisha Marston to A. Knowles and J. Dowse, whose estate the plaintiffs have, dated April 1, 1761. Marston was then the proprietor of the grant to Chase of 1714, but had no other title to the land included in his deed. It appeared that the plaintiffs had repeatedly entered upon the land they claimed, and which was sand hills and beach grass and not marsh, thatch ground and flats, and did many acts as owners, though others did the like without any claim.

The court told the jury as to this point, that if the plaintiffs, having a deed of this land from persons who had no title, entered upon the land, claiming it, this was a sufficient possession of the whole to entitle them to a verdict upon the second issue.

The jury found a verdict for the defendant, which the plaintiff moves to set aside and for a new trial, because the verdict is against law and evidence, and because of the misdirection of the court, as set forth in the foregoing case; and it was ordered that the questions arising upon the foregoing case be reserved and assigned for the decision of the Justices of the Superior Court of Judicature.

*French*, for the plaintiffs, cited Yelverton 144; *Peaslee* v. *Wadleigh*, 5 N. H. 317, 321; *Wheeler* v. *Rowell*, 7 N. H. 515; 2 Gr. Ev., sec. 618, a.

*Emery*, for the defendant, cited 2 Gr. Ev., sec. 618; 8 Ad. & E. 138; 4 Pick. 108.

WILCOX, J. If a plaintiff, in an action of trespass *quare clausum fregit*, undertake to describe his close, he must do it correctly, in order that the defendant may be truly apprised of the claim he has to meet, if the title be brought in question. And proof will not be received at the trial, of acts set up as trespasses, not within the limits of the close described. Possession of the land is essential to maintain the action, and is often the only thing in controversy. There is, therefore, the same reason for describing it which there is for describing land demanded in a writ of entry.

But as in a writ of entry the demandant shall prevail for as much of the premises described as he proves himself entitled to, so it is fully settled by the authorities, that in an action of trespass *quare clausum fregit*, the plaintiff shall prevail, if he show that he was rightfully in posses-

Knowles *v.* Dow.

sion of that part of the close described, upon which the trespass was committed. *Peaslee* v. *Wadleigh*, 5 N. H. 317; *Wheeler v. Rowell*, 7 N. H. 515; Starkie's Ev. 1229, 1234.

It is a case in which partial proof is admitted, upon the ground that it is sufficient to show that the plaintiffs' right of action for the act charged as a trespass, was perfect, and it is not defeated by his failure to prove a trespass as extensive as the one he has alleged, whether its extent has been circumscribed by the limits of the title of the plaintiff, or of the acts of the defendant constituting the trespass. In either case the identity as well of the possession disturbed, as of the act complained of, is sufficiently established in proof.

The evidence was therefore sufficient to have entitled the plaintiffs to a verdict, and their exceptions must consequently prevail, the verdict be set aside, and a

*New trial granted.*